Filed: April 6, 2000

IN THE SUPREME COURT OF THE STATE OF OREGON

KEVIN K. STARRETT,

 Petitioner,

 v.

HARDY MYERS,
Attorney General for the State of Oregon,

 Respondent.

______________________________

JOHN T. NICHOLS,

 Petitioner,

 v.

HARDY MYERS,
Attorney General for the State of Oregon,

 Respondent,

 and

GINNY BURDICK,

 Intervenor.

(SC S47079, S47085)

(Consolidated for Argument and Opinion)

 En Banc

 On petition to review ballot title.

 Argued and submitted March 16, 2000.

 Kevin K. Starrett, Canby, pro se, argued the cause and filed
the petition and reply for petitioner Starrett.

 John DiLorenzo Jr., of Hagen, Dye, Hirshey & DiLorenzo,
P.C., Portland, argued the cause and filed the petition and
supplemental memorandum for petitioner Nichols.

 Rolf C. Moan, Assistant Attorney General, Salem, argued the
cause and filed the answering memoranda for respondent. With him
on the memoranda were Hardy Myers, Attorney General, and Michael
D. Reynolds, Solicitor General.

 Steven Novick, Portland, argued the cause and filed the
memorandum for intervenor.

 GILLETTE, J.

 Ballot title certified as modified. This decision shall
become effective in accordance with ORAP 11.30(10).

 Van Hoomissen, J., dissented and filed an opinion.

GILLETTE, J.

These two ballot title review proceedings concerning
the Attorney General's certified ballot title for a proposed
initiative measure, denominated Initiative Petition 99 (2000),
have been consolidated for purposes of argument and decision.
Petitioners are electors who timely submitted written comments
concerning the content of the Attorney General's draft ballot
title and who therefore are entitled to seek review in this
court. See ORS 250.085(2) (setting that requirement). We review
the Attorney General's certified ballot title to determine
whether it substantially complies with the requirements of ORS 
250.035 (1997). See ORS 250.085(5) (setting out standard of
review). For the reasons that follow, we conclude that the
Attorney General's certified ballot title does not do so. We
therefore modify it and, as modified, certify it to the Secretary
of State.

The proposed measure, entitled the "Gun Violence
Prevention Act," would enact statutes that relate, inter alia, to
the sale of firearms at "gun shows" and to the kind of background
check respecting a potential purchaser that must be made before a
firearm may be sold. The Attorney General certified the
following ballot title for the measure:

"EXPANDS CIRCUMSTANCES REQUIRING BACKGROUND CHECK BEFORE TRANSFER OF FIREARM

"RESULT OF 'YES' VOTE: 'Yes' vote requires
background check before any firearm transfer at gun
show or by dealer.

"RESULT OF 'NO' VOTE: 'No' vote rejects expanding
current background-check requirement beyond handgun
transfers by gun dealers.

"SUMMARY: State law currently requires background
check before gun dealer sells handgun. Measure
requires: background check before gun dealer transfers
any firearm; background check, or transfer through gun
dealer, before nondealer may transfer firearm at 'gun
show' (event with over 25 available firearms present). 
Noncompliance creates criminal liability. Authorizes
confidential retention, for five years, of information
obtained during background check. Expands crimes of
providing false information, improper transfer, to
include transfers of all firearms, not just handguns. 
Other changes."

As noted, ORS 250.085(5) requires this court to review
challenged ballot titles for "substantial compliance with the
requirements of ORS 250.035." As applied to the present
proceeding, the latter statute (1) requires that a ballot title
contain a caption of not more than 10 words that "reasonably
identifies the subject matter" of the proposed measure, ORS
250.035(2)(a) (1997), a "yes" result statement containing a
"simple and understandable statement of not more than 15 words
that describes the result if the state measure is approved," ORS
250.035(2)(b) (1997), a "no" result statement containing a
"simple and understandable statement of not more than 15 words
that describes the result if the state measure is rejected," ORS
250.035(2)(c) (1997), and a summary that is a "concise and
impartial statement of not more than 85 words summarizing the
state measure and its major effect," ORS 250.035(2)(d) (1997).

In case number S47079, petitioner Starrett challenges
only the legal sufficiency of the Attorney General's caption and
summary. With respect to the caption, petitioner Starrett's
argument does not establish that the Attorney General's caption
fails to comply substantially with the requirements of ORS
250.035(2)(a) (1997). Petitioner Starrett's challenge to the
Attorney General's summary is not one that he (or any other
party) made during the period for comment on the Attorney
General's draft ballot title; neither is it aimed at wording
either inserted in or deleted from the ballot title after that
comment period. We therefore do not consider it. See ORS
250.085(6) (in review process, court shall not consider
"arguments * * * not presented in writing to the Secretary of
State unless the * * * argument concerns language added to or
removed from the draft title after expiration of the comment
period").

We turn to the arguments presented by petitioner
Nichols in case number S47085. Petitioner Nichols challenges the
Attorney General's "no" result statement and his summary. We
address each of those topics in turn.

As noted, the Attorney General's certified "no" result
statement provides: "'No' vote rejects expanding current
background-check requirement beyond handgun transfers by gun
dealers." That statement is erroneous, petitioner Nichols
asserts, because "it suggests that a 'No' vote would result in a
situation in which background checks were not required for
purchasers of firearms other than handguns." Petitioner Nichols
acknowledges that the "suggestion" about which he complains would
be correct with respect to Oregon law, if the proposed measure is
rejected. But, he points out, federal law presently requires
background checks for the sale of firearms other than handguns. 
See 18 USC § 922(t)(1) (requiring "criminal background check" for
sales of "firearms," not just handguns).

Petitioner Nichols asserts that the Attorney General's
"no" result statement leaves the erroneous impression that there
is no other law regulating the sale of firearms. That erroneous
implication can be avoided, he claims, by mentioning "Oregon"
specifically in the "no" result statement. (The statement
contains only 14 words. Adding "Oregon" between the words
"current" and "background" would clarify for the voters that they
are making a choice as to Oregon law only.) That argument is
well taken. As presently written, the Attorney General's "no"
result statement creates the impression that only handguns
presently are subject to background checks before purchase. 
Because that impression is incorrect and need not be created
within the 15-word limit for the "no" result statement, it must
be corrected for the statement to comply with the requirements of
ORS 250.035(2)(c) (1997). Accordingly, we make that addition.

The addition to the "no" result statement in turn
dictates a change to the "yes" result statement, to further the
parallelism that ORS 250.035(2)(b) and (c) (1997) are intended to
reflect. We make that change by substituting the words, "expands
Oregon" for "requires" in the "yes" result statement and by
deleting the word "any" from that statement.

Petitioner Nichols also challenges the Attorney
General's summary in three respects, only one of which requires
discussion. Petitioner Nichols challenges the accuracy of the
sentence in the summary that states that the proposed measure
"[a]uthorizes confidential retention, for five years, of
information obtained during background check." That sentence is
based on the impact of section 6(5)(b) of the proposed measure,
which provides that the information obtained in background checks
is "exempt from disclosure under public records law." But, as
petitioner Nichols points out, Oregon's Public Records Law, ORS
192.410 et seq., is a law that guarantees a right to public
inspection of certain public records. Nothing in that law,
however, denies a state agency the right to disclose other
information in its possession. Thus, although the information
collected in background checks need not be disclosed under the
Public Records Law, the proposed measure does not deny to any
agency in possession of that information the right to disseminate
the information as the agency finds appropriate.

Petitioner Nichols's point is well taken. The proposed
measure does keep background check information from being subject
to disclosure under a demand under the Public Records Law, but it
does not thereby render retention of that information
"confidential," as the summary states. To comply with the
requirements of ORS 250.035(2)(d) (1997), it is necessary to
rephrase the sentence to describe what the measure does, while
omitting the "confidential" characterization.

Based on the foregoing discussion, we certify to the
Secretary of State the following ballot title:

EXPANDS CIRCUMSTANCES REQUIRING BACKGROUND CHECK BEFORE TRANSFER OF FIREARM

RESULT OF "YES" VOTE: "Yes" vote expands Oregon
background check before firearm transfer at gun show or
by dealer.

RESULT OF "NO" VOTE: "No" vote rejects expanding
current Oregon background-check requirement beyond
handgun transfers by gun dealers.

SUMMARY: State law currently requires background
check before gun dealer sells handgun. Measure
requires: background check before gun dealer transfers
any firearm; background check, or transfer through gun
dealer, before nondealer may transfer firearm at "gun
show" (event with over 25 available firearms present). 
Noncompliance creates criminal liability. Retains
background information five years; bars disclosure
under Public Records Law. Expands crimes of providing
false information, improper transfer, to include
transfers of all firearms, not just handguns. Other
changes.

Ballot title certified as modified. This decision
shall become effective in accordance with ORAP 11.30(10). 

VAN HOOMISSEN, J., dissenting

I respectfully dissent. In my view, the Attorney
General's certified ballot title substantially complies with the
requirements of ORS 250.035 (1997). ORS 250.085(5).

The unspoken premise on which this court's modification
decision is based is that it does not violate the principle of
separation of powers for this court to rewrite a certified ballot
title. See Rooney v. Kulongoski (Elections Division #13), 322 Or
15, 55, 902 P2d 1143 (1995) (Unis, J., dissenting) (arguing that
judicial modification of ballot titles offends Article III,
section 1, of the Oregon Constitution); Sizemore v. Kulongoski,
322 Or 229, 237, 905 P2d 1146 (1995) (Durham, J., concurring)
(same). The court should revisit that premise.
1. The 1999 Legislature amended ORS 250.035(2) in several
respects. Or Laws 1999, ch 793, § 1. However, section 3 of that
1999 enactment provides, in part:

"(1) The amendments to ORS 250.035 by section 1 of
this 1999 Act do not apply to any ballot title prepared
for:

"(a) Any initiative petition that, if filed with
the Secretary of State with the required number of
signatures of qualified electors, will be submitted to
the people at the general election held on the first
Tuesday after the first Monday in November 2000[.]"

The present proposed measure is one of those to which the 1999
act does not apply. We therefore apply the pertinent provisions
of ORS 250.035(2) (1997).